Sandra Jean **GRIFFITH**, individually and on behalf of Felicia Renee Griffith, Benjamin Lee Griffith, and Jonathan Andrew Griffith, minors and heirs at law of Jimmy R. Griffith, Jr., deceased, Plaintiff,

v.

**MT. CARMEL MEDICAL CENTER,** a Kansas Corporation; Eugene Carl McCormick, an Individual, Defendants.

Civ. A. No. 92–1141–MLB.

United States District Court, D. Kansas.

Aug. 26, 1994.

Richard W. Lowry, Logan & Lowry, Vinita, OK, Alan Laufman, J.D., M.D., Dallas, TX, and John W. Johnson, Bradshaw & Johnson, Wichita, KS, for plaintiff.

Amy S. Lemley, Foulston & Siefkin, Wichita, KS, for Mt. Carmel Medical Center, Inc., and Judith Ulery.

William Tinker, Jr., McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, for Eugene Carl McCormick.

E. Dudley Smith, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for Physician Staffing Resources, Inc.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' motion to retax costs (Doc. 336).

This case was tried before a jury which returned a verdict for plaintiff. The Clerk taxed costs against defendants in the amount of $44,100.48. Defendants object to the following items included in that amount: (1) costs incurred by plaintiff in videotaping the depositions of defendant Dr. McCormick and Nurse Judith Ulery; (2) fees paid by plaintiffs to depose four of the defendants' expert witnesses; (3) travel expenses paid to one of plaintiff's experts, Dr. Robert Prosser; (4) costs associated with plaintiff's experts preparing their own reports; (5) fees for transcribing the trial testimony of two of plaintiff's experts, Dr. Robert Prosser and

Nurse Mike Martin; and (6) expenses in hiring a special process server to execute service upon the Health Care Stabilization Fund and the St. Paul Insurance Company. The court reviews the clerk's assessment of costs on a de novo basis in the exercise of its sound discretion. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 674 (D.Kan.1994).

### GENERAL STANDARDS ON POST–JUDGMENT COSTS

■ Taxation of costs is authorized by Fed.R.Civ.P. 54(d)(1): "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d):

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The trial court has no discretion to award costs that are not set out in § 1920, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir.1990), and the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized under § 1920, *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 & n. 4 (D.Kan.1994). In some cases, this requires a showing that the materials were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4).

■ If the prevailing party carries its burden and proves that a particular type of cost is statutorily authorized, there is a presumption favoring its award. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988). The amount of such costs, however, must be carefully scrutinized to ensure that it is reasonable. *Id.* (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)).

### Costs of Videotaping Depositions

■ Section 1920(2) authorizes taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This includes the costs of deposition transcripts that are " 'reasonably necessary to the litigation.' " *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987) (quoting *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983)). Under Federal Rule of Civil Procedure 30(b)(4), depositions can be recorded "other than stenographically," including through videotape. Hence, taxation of the costs of reasonably necessary videotaped depositions has been upheld. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993); *Meredith v. Schreiner Transp., Inc.*, 814 F.Supp. 1004 (D.Kan.1993).

■ In order to show that the videotaping of a deposition was reasonably necessary, actual use of the videotape at trial is not required. *Barber*, 7 F.3d at 645. However, in the absence of actual use, the prevailing party must show that the facts known when the deposition was taken made it appear reasonably necessary to record the deposition on videotape. *Id.*

■ In the present case, defendants object to the taxation of costs for videotaping the depositions of Dr. McCormick (one of the defendants) and Nurse Judith Ulery (who was previously a named defendant). Defendants claim the videotapes were unnecessary and that plaintiff's counsel represented from the beginning that the costs of the videotaping would not be taxed against the defendants.

The court agrees with the defendants.

First, plaintiff has not shown necessity. When plaintiff sought leave to videotape the

depositions of Dr. McCormick and Nurse Ulery, there was no indication that either would be unable to testify at trial. (See Doc. 35). Both Dr. McCormick and Nurse Ulery ultimately did testify, and plaintiff's counsel did not use the videotapes of their depositions at trial.

Second, in her motion seeking leave to videotape Dr. McCormick's and Nurse Ulery's depositions, plaintiff proposed a set of rules governing the videotaping, including the following: "Only the stenographic recording of the deposition shall be taxed as costs." (Doc. 35, p. 2). The court granted plaintiff's motion as presented. (Doc. 57). Plaintiff must abide by her own rules.

Accordingly, the costs of videotaping Dr. McCormick's and Nurse Ulery's depositions will not be taxed to the defendants. Counsel shall consult with the clerk regarding the amount of the expenses incurred in videotaping Dr. McCormick's and Nurse Ulery's depositions, and the bill of costs shall be reduced by that amount.

*Deposition Fees for Defendants' Experts*

Defendants object to being taxed $2,150.00 for deposition fees charged to plaintiff by four of **defendant's** expert witnesses.

■ There are two types of taxable costs related to depositions. First, as discussed *supra*, the costs of deposition transcripts and copies thereof "necessarily obtained for use in the case" are taxable under § 1920(2) and (4). That type of deposition cost is not at issue here.

■ Second, witness fees are recoverable as costs under § 1920(3), including fees for attendance at a deposition. Another statute, 28 U.S.C. § 1821, specifically prescribes the amounts allowable in connection with the appearance of witnesses at depositions as well as trials. *See* 28 U.S.C. § 1821(a)(1). It provides in pertinent part:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. . . .

A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance. . . .

28 U.S.C. § 1821(b) and (d)(1).

■ Plaintiff claims that, as prevailing party, she is entitled to recover the entire $2,150.00 charged by defendant's experts for their deposition attendance. Plaintiff does not seek such fees for her own experts. Defendants object, claiming plaintiff cannot recover **any** witness deposition fees in excess of the $40 limit specified in § 1821(b).

■ As stated *supra*, the awarding of costs is always contingent upon a determination that there is a statute authorizing such an award. Having reviewed § 1920 and § 1821, the court can find no authority for taxing expert witness fees beyond the $40 attendance fee and travel and subsistence expenses, unless the expert is court-appointed. *See* 28 U.S.C. § 1920(6). The Supreme Court reached a similar conclusion in *Crawford Fitting, supra:* "We think the inescapable effect of these sections [§§ 1920 and 1821] in combination is that a federal court may tax expert witness fees in excess of the $30-a-day [now $40-a-day] limit set out in § 1821 only when the witness is court-appointed." 482 U.S. at 442, 107 S.Ct. at 2497. *See also West Virginia Univ. Hospital, Inc. v. Casey,* 499 U.S. 83, 86–87, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991); *Green Const.,* 153 F.R.D. at 675 (Saffels, J.); *Aguinaga v. United Food and Commercial Workers Int'l Union,* 142 F.R.D. 328, 339 (D.Kan. 1992), *rev'd on other grounds,* 993 F.2d 1480 (10th Cir.1993) (Theis, J.). Unlike the present case, however, *Crawford Fitting* addressed only whether a prevailing party could recover "fees paid to **its own** expert witnesses." 482 U.S. at 439, 107 S.Ct. at 2496 (emphasis added). There do not appear to be any controlling cases directly addressing the issue of whether a prevailing party can recover as costs the deposition fees of the **losing** party's expert witnesses.[1]

1. In *Reazin v. Blue Cross & Blue Shield of Kan-* *sas, Inc.,* 663 F.Supp. 1360, (D.Kan.1987), *aff'd*

One district court has ruled that if the deposition of the losing party's expert was ordered by the court because the losing party was not providing sufficient responses to other forms of discovery, then the costs incident to taking the losing party's expert's deposition are taxable as costs. *Worley v. Massey–Ferguson, Inc.*, 79 F.R.D. 534, 538–43 (N.D.Miss.1978). The court looked beyond the express limitations on post-judgment costs (§§ 1920 and 1821) to the discovery rules, particularly Federal Rule of Civil Procedure 26(b)(4)(C)(i): "Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." *Id.* at 540–42. Viewing the losing party's expert's deposition fee as a "discovery expense," the court found it had the "discretionary authority" under Rule 26(b)(4)(C) (if "manifest injustice would result"), Rule 26(c) ("for good cause shown, the court . . . may make an order . . . to protect a party from . . . undue burden or expense"), and Rule 54(d) to "tax a party with costs connected with discovery even though there is no specific provision in the Federal Rules of Civil Procedure authorizing the court to do so." *Id.* at 542. Given the Supreme Court's subsequent holding in *Crawford Fitting* that the assessment of post-judgment costs associated with experts are taxable only if specifically authorized by statute or contract (discussed *supra*), the court believes *Worley* rests on a faulty premise and is no longer good law.

The better reasoned opinion is that of the Northern District of Illinois in *O'Toole v. Kalmar*, 1990 WL 141431, at *3–6 (N.D.Ill. Sept. 21, 1990). In that case, the court gave exhaustive consideration to the issue of whether the defendants (prevailing parties) could recover the "Costs Incurred in Deposing **Plaintiff's** Experts." *Id.* at *3 (emphasis added). The plaintiff (losing party) argued that the entire cost of deposing his experts should be borne by the defendants because it was "unnecessary" to take the depositions and because, under Rules 26(b)(4)(A)(ii) and (b)(4)(C), the deposition costs are to be paid by the discovering parties. *Id.* The court disagreed on both counts, finding that "it was reasonably necessary for such depositions to be taken if the defendants were to adequately prepare their defense", *id.* (citing *Ramos, supra*), and that Rule 26 did not address "how [deposition] costs should be allocated **post-judgment** and in the event that the deposing party ultimately prevails in the law suit," *id.* at *4 (emphasis added) (distinguishing *Worley, supra*).[2]

Turning to Rule 54(d), the court found that "even though the defendants in the case at bar were required to pay the fees incident to the deposing of the plaintiff's expert witnesses during discovery, Rule 54(d) now allows the defendants, as the prevailing parties, to be reimbursed by the plaintiff for such costs." *Id.* The court then looked to the Supreme Court's decision in *Crawford Fitting* and 28 U.S.C. § 1821 to determine what amount of the plaintiff's expert's depo-

---

*in part, remanded in part*, 899 F.2d 951 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), an anti-trust case, Judge Kelly court awarded the prevailing parties (the plaintiffs) all of their expert witness fees as well as "the costs incurred in connection with the taking of depositions of . . . **the defendant's** expert witnesses." *Id.* at 1458 (emphasis added). Judge Kelly's ruling was appealed, and the Tenth Circuit reversed, holding that because the expert fees were not part of the " 'cost of suit, including a reasonable attorney's fee' " awardable to anti-trust plaintiffs under 15 U.S.C. § 15, any expert fees which exceeded the statutory limits prescribed in 28 U.S.C. §§ 1920 and 1821 were not taxable. 899 F.2d at 981–82. The court does not appear to have directly tackled how this

applied with respect to **defendant's** experts' deposition fees.

Also, Judge Van Bebber recently denied a prevailing defendant the entire $600.00 fee he incurred in deposing **the plaintiff's** expert witness, but allowed a $40.00 attendance fee for **defendant's expert's** trial testimony. *Sparks v. Yorzinski*, CIV.A. No. 92–2369–GTV, 1994 WL 123619, at *3 (D.Kan. March 11, 1994).

**2.** The court concluded that it "must look beyond the language of Federal Rule 26 when deciding who must bear the costs of litigation since the rule only pertains to the fees paid during the actual discovery stage of the proceedings and does not address the **post-judgment** awarding of costs." *Id.* at *4.

sition fees could be taxed as costs against plaintiff.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the United States Supreme Court explicitly held that costs taxable pursuant to Federal Rule 54(d) are limited to those expressly stated in the statutes, and that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920. *Id.* 482 U.S. at 445, 107 S.Ct. at 2499. Though it is argued by the plaintiff that the decision in *Crawford* disallows any awarding of expert witness fees at all under Rule 54(d) or 28 U.S.C. §§ 1920 and 1821, such an interpretation is incorrect. Nowhere in its opinion does the Supreme Court state that a prevailing party may not be reimbursed for costs incurred in deposing an opposing expert witness. Rather, the Court held that the federal courts are bound by the limitations set out in 28 U.S.C. §§ 1920 and 1821 in the absence of other explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness costs. *Id.* at 445, 107 S.Ct. at 2499. In other words, a prevailing party may recover some costs incurred by them in deposing an opposing party's expert witness, but such recovery will be strictly limited to the statutory maximum attendance fee. . . .

Under § 1821, a witness can be paid a maximum of $30.00 [now $40] per day for each day's attendance at deposition or trial, or time spent going to and returning from the deposition or trial. . . . Thus, when a prevailing party seeks reimbursement for fees paid to expert witnesses, that party may only recover a maximum fee of $30.00 [$40] per witness per day's attendance at either deposition or trial. [citing *Crawford* ]. Any additional amounts charged by the expert witnesses in excess of the statutory allocation may not be charged against the losing party, but must be paid for by the prevailing party who initially deposed the expert witness.

*Id.* at *5–6 (citations omitted). The court accordingly ordered that the bill of costs include only the statutory attendance fees and allowable travel and subsistence expenses associated with plaintiff's experts' depositions. *Id.* at *6.

The court finds the analysis in *O'Toole* thorough and persuasive. Accordingly, plaintiff is entitled to recover only $160.00 ($40 for each of the four experts deposed) plus any portions of defendants' experts' deposition fees that are verifiably attributable to authorized travel and subsistence expenses. Counsel are directed to consult with the clerk regarding these amounts.

### Travel Expenses for Dr. Prosser

 Defendants object to plaintiff taxing as costs the travel expenses incurred by Dr. Prosser, one of plaintiff's experts, in traveling to and from his office in Kansas City, Kansas during the trial. Dr. Prosser had commitments in Kansas City which prevented him from appearing continuously for lengthy trial testimony. Defendants claim that Dr. Prosser's schedule should not dictate the costs assessed against them.

As noted *supra*, under 28 U.S.C. § 1821(b), "[a] witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Hence, plaintiff is entitled to recover expenses for Dr. Prosser's "necessary" travels to and from the trial site.

In the court's view, Dr. Prosser's travels to and from Kansas City during the trial did "necessarily occupy" him within the meaning of 28 U.S.C. § 1821(b). A medical doctor may have obligations that take precedence over his trial testimony and that cannot foreseeably be met in any manner other than to interrupt his testimony. Given that such costs are contemplated by the statute and that plaintiff does not appear to be overreaching, Dr. Prosser's travel expenses will be taxed against the defendants.

### Cost of Plaintiff's Experts' Reports

Plaintiff seeks to recover the costs of expert reports that the court ordered be prepared and submitted to defendants as part of

discovery. Defendant contends there is no statutory authorization for such taxation. Plaintiff maintains that because the court **ordered** the reports, the associated costs are taxable against the defendants.

■ As stated *supra*, there is no statutory authority for awarding expert witness fees beyond the $40 attendance fee and allowable travel and subsistence expenses specified in 28 U.S.C. § 1821(b). Plaintiff will thus not be allowed to tax as costs the fees charged by her experts for the preparation of reports, despite the fact that those reports were ordered by the court.[3] The clerk is accordingly directed to reduce the bill of costs by $6,123.00. (Doc. 334, Exhibit F).

### Transcripts of Plaintiff's Experts' Testimony

Taxation of costs for preparation of daily trial transcripts by the court reporter is permitted under § 1920(2). "To award this premium cost for daily production, a court must find that daily copy was necessarily obtained, as judged at the time of transcription." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir.1988). "Whether an item is necessarily obtained for use in a case ... calls for a factual evaluation, a task which is committed to the discretion of the trial court." *Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th Cir.1974) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963)).

■ Generally, absent prior court approval, taxation of transcription costs at the daily copy rate is not allowed. Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 568 (1984) [hereinafter *Bartell*]. However, "[i]f the issues in [the] case were so complex as to justify overlooking the lack of pretrial approval, a court [can use] its discretion to award the cost where daily copy proved invaluable to *both* the counsel *and* the court." *Id.* (citing *Farmer*, 379 U.S. at 234, 85 S.Ct. at 415; *Bartell*, 101 F.R.D. at 568). For example, in *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 663 F.Supp. 1360, 1458 (D.Kan.1987), *aff'd in part, remanded in part*, 899 F.2d 951 (10th Cir.1990), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), Judge Kelly awarded the prevailing party costs for daily transcript incurred during a long and complex antitrust trial. Judge Kelly found that the transcripts were of substantial assistance in bringing issues into focus and preparing factual testimony, cross-examinations, motions in limine, and closing arguments.

Defendants argue that it was not necessary for plaintiff to obtain trial transcripts of her own experts' (Dr. Prosser's and Nurse Martin's) testimony. Plaintiff responds by submitting an affidavit from her attorney, Richard Lowry, indicating that the trial transcripts were obtained by counsel for three reasons: (1) "this case was extremely complex, involved enigmatic medical terms and procedures, and took sixteen days before the jury"; (2) Dr. Prosser's and Nurse Martin's testimony "occurred on more than one day with many days intervening"; and (3) the transcripts were "used to prepare other witnesses and to cross-examine defense witnesses." (Doc. 337, Ex. A, ¶¶ 2–3).

■ In the court's view, the subject matter of the present case was sufficiently complex that obtaining transcripts of plaintiff's experts' testimony was necessary in order for counsel to identify and focus in on the particular areas of disagreement between plaintiff's and defendants' experts and to conduct thorough and effective cross-examinations. Many expert witnesses testified, and a number of different, competing opinions emerged as to what caused plaintiff's husband's death. Keeping these multiple theories and the distinctions between them straight was an unenviable task, and plaintiff's counsel no doubt utilized the transcripts of plaintiff's experts' testimony to achieve it. Clearly, the use of

---

**3.** Plaintiff claims that "[t]he cost of an expert witness is routinely awarded where prior court approval for such witness is obtained," citing as support *Cagle v. Cox*, 87 F.R.D. 467, 471 (E.D.Va. 1980) and *Quy v. Air America, Inc.*, 667 F.2d 1059 (D.C.Cir.1981). (Doc. 330, p. 8). Both of these cases pre-date the Supreme Court's decision in *Crawford Fitting* and are, in this court's view, no longer good law.

the transcripts was reasonably necessary and not a mere convenience to counsel.[4]

Accordingly, the taxation of costs for the transcripts of plaintiff's experts' testimony is upheld.

### Special Process Server

Finally, defendants contend plaintiff should not be allowed to tax costs of hiring a private special process server. According to defendants, there is no statutory authorization for taxing such costs against them.

Section 1920(1) authorizes taxation of the costs of the "clerk and marshal." This clearly encompasses costs incurred in having a United States marshal serve summons and subpoenas. It does not, however, appear to cover the cost of hiring a private citizen to perform similar duties.

There is a split of authority on whether the cost of special process servers is taxable under § 1920(1). The Eighth Circuit has ruled that a prevailing party **cannot** recover the costs of hiring a special process server because § 1920 contains no provision for such expenses. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985). In so ruling, the court relied on *Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C.1983) (holding costs of hiring special process servers not recoverable because no statutory authorization) and 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371–72 (1983) (indicating taxation is "usually denied" for "costs, other than marshal's fees, involved in serving a summons").

The Ninth Circuit, however, has rejected the Eighth Circuit's ruling in *Crues*, reasoning that because Federal Rule of Civil Procedure 4(c) expressly contemplates private parties being employed as process servers and because, in the court's view, Congress exhibited an intent to generally make service of process a taxable item under § 1920(1), the cost of private process servers should be recoverable. *Alflex Corp. v. Underwriters*

*Labs., Inc.*, 914 F.2d 175, 178 & n. 6 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991).[5] The Ninth Circuit agreed with the following rationale from *Roberts v. Homelite Div. of Textron, Inc.*, 117 F.R.D. 637, 641 (N.D.Ind.1987): " 'Due to the substitution of private process servers for the U.S. Marshal Service in recent years, it is appropriate to allow private process fees as costs.' " *Alflex*, 914 F.2d at 178 n. 6.

The bulk of lower court authorities favor the analysis in *Alflex* and *Roberts*. *Compare McGuigan v. CAE Link Corp.*, 155 F.R.D. 31 (N.D.N.Y.1994) (citing *Roberts*); *James v. Village of Plainfield*, 1994 WL 148673, at *2 (N.D.Ill. April 19, 1994) (citing *Alflex*); *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 55 (D.Puerto Rico 1991), *aff'd*, 959 F.2d 1149 (1st Cir.1992) (expressly disagreeing with *Zdunek* and adhering to *Roberts*); and *Card v. State Farm Fire and Cas. Co.*, 126 F.R.D. 658, 662 (N.D.Miss.1989), *aff'd*, 902 F.2d 957 (5th Cir.1990) ("The expense of serving subpoenas upon witnesses is a recoverable cost.") with *Shu Chen v. Slattery*, 842 F.Supp. 597, 600 & n. 4 (D.D.C.1994) (following *Zdunek* from same district); *Sexcius v. District of Columbia*, 839 F.Supp. 919, 927–28 (D.D.C.1993) (same); and *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D.Fla.1989) (relying on *Zdunek*).

This court agrees with the majority of lower court opinions and the Ninth Circuit that § 1920(1) is generally intended to make the costs of service of process taxable. Although § 1920(1) refers simply to "fees of the marshal," it must be read in light of § 1921 which states that "the marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for ... [s]erving ... process in any case or proceeding [and] [s]erving a subpoena or summons for a witness." 28 U.S.C. § 1921(a)(1)(A) & (B). Given the apparent congressional intent to make service of process a taxable item, *Al-*

---

4. Defendants have not challenged the transcript charges on the basis that their amount is grossly excessive. The court does not, therefore, consider that matter.

5. Even prior to this ruling, the Ninth Circuit actually had a Local Rule permitting taxation of costs for service of process **by any person.** *Id.* at 178. It is not clear how much influence this had on the court's decision.

*flex*, 914 F.2d at 178, and "due to the substitution of private process servers for the U.S. Marshal Service in recent years," *Roberts*, 117 F.R.D. at 641, the court believes the taxation of costs for special process servers is justifiable. However, such costs should be taxable only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service, since only the Marshal's fee amount is actually statutorily authorized. *See In re Air Crash Disaster at Stapleton Int'l Airport*, Nos. MDL 751, 88–F–664, 1989 WL 259995, at *4 (D.Colo. July 24, 1989) (Finesilver, C.J.) (denying costs of private process server in excess of amount which the Marshal would have charged); *Walters v. Monarch Life Ins. Co.*, Civ.A. No. 91–2396–GTV, 1993 WL 256755, at *2 (D.Kan. June 29, 1993) (citing *In re Air Crash*).

**IT IS ACCORDINGLY ORDERED** that defendants' motion to retax costs (Doc. 335) is hereby granted in part and denied in part. The bill of costs (Doc. 334) shall be reduced by the following: (1) costs attributable to videotaping the depositions of Dr. McCormick and Nurse Ulery (amount unspecified, but presumably part of the $19,611.22 listed as costs of transcripts); (2) costs attributable to the depositions of defendants' four experts (Quillen, Schlachter, Poling, and Eck), except the statutory attendance fees for each expert ($160) and verifiable travel and subsistence expenses (amount, if any, unknown); (3) costs incurred by plaintiff's experts in preparing reports ordered by the court and submitted to the defendants (listed under "other costs" and reported to be $6,123.00); and (4) costs of special process servers which exceeded those that would have been charged by the Marshal's office (amount unknown). All other items disputed in defendants' motion shall remain part of the bill of costs.