**SENTRY INSURANCE, Plaintiff,**

v.

**R. James SHIVERS, et al., Defendants.**

United States District Court,
D. Kansas.

Jan. 5, 1996.

David R. Buchanan, Brown, James & Rabbit, P.C., Kansas City, MO, for plaintiff.

Philip R. Carson, Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Defendants' Motion to Quash; Motion For Protective Order (doc. 58). Defendants thereby seek to quash notices of deposition served upon defendants R. James and Debra Shivers (the Shivers) on November 7, 1995. Fed.R.Civ.P. 45 govern motions to quash. Alternatively they seek an order, pursuant to Fed.R.Civ.P. 26(c)(1), prohibiting the depositions or, pursuant to Fed.R.Civ.P. 26(c)(4), limiting their scope. Plaintiff opposes the motion.

Plaintiff filed its complaint in this case on January 13, 1995. A fire substantially damaged the home of its insured defendants on July 17, 1994. In the course of its investigation plaintiff took sworn "statements" from the Shivers. It directed them to bring records and documents to accompany their statements. It obtained their blank authorizations for additional financial, employment, and medical records. The Shivers had no counsel when they gave their statements.

Defendants challenge the right of plaintiff to depose them. They suggest that plaintiff has already deposed them. They argue that a "second deposition" would be unreasonably cumulative, duplicative, oppressive, and unduly burdensome and expensive. They contend that plaintiff has had ample opportunity to obtain relevant information. In support of such contention they submit part of their insurance policy, which provides "[a]s often as we [ (plaintiff) ] may require, you [ (defendants) ] must submit individually to examination under oath." They suggest that a "second deposition" will place emotional and financial stress upon them.

Plaintiff suggests that defendants have alleged fraud and outrage in a counterclaim. It contends that it previously had no reason to question the Shivers about such matters when they gave their sworn statement, pursuant to their claim against their policy of insurance. It submits that defendants mistakenly characterize the previous sworn statements as depositions. It emphasizes the statements were authorized by the insurance policy, as simply an investigatory procedure to enable it to determine their claim. It argues its right to depose the Shivers about all matters relevant to the pleadings.

The court "shall quash or modify [a] subpoena if it ... subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). For good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Such orders may include the total prohibition of certain discovery or limiting the scope of discovery to certain matters. Fed.R.Civ.P. 26(c)(1) and (4).

■ One seeking to quash a subpoena carries the burden to show undue burden. Pursuant to Fed.R.Civ.P. 26(c), a party seeking a protective order also has the burden to show good cause for it. "[T]he court will generally not require a deponent to appear for a second deposition," however, absent some showing of a need or good reason for doing so. *Lone Star Indus. v. River's Bend Red–E–Mix, Inc.*, No. 90–2349–V, unpublished op. at 4 (D.Kan. Oct. 6, 1992). "Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense." *TBG Inc. v. Bendis*, No. 89–2423–EEO, unpublished op. at 2–3 (D.Kan. Feb. 17, 1993).

■ Taking a statement of a party, sworn or unsworn, pursuant to investigating a claim or potential lawsuit, does not equate with deposing him or her. Parties or their attorneys often conduct informal investigations of

the facts and circumstances pertinent to a pending or potential lawsuit. That an insurance company or any other potential litigant pursues such investigation generally does not preclude its later engaging in discovery authorized by the Federal Rules of Civil Procedure. Taking an investigatory statement often serves a more limited purpose, such as obtaining only so much information as necessary to facilitate settlement of a claim without litigation. If litigation occurs, however, it often involves additional claims, allegations, defenses and sometimes counterclaims. Depositions for discovery also serve an expanded purpose to discover relevant sources of information, in addition to addressing the material facts of the claim. Depositions, moreover, constitute the committed testimony of the witness about issues and facts material to the lawsuit. A litigant may offer all or part of a deposition, particularly of a party, into evidence; whereas an investigatory statement may be subject to more restrictive rules of admissibility.

Defendants have the burden to show good cause for the requested protective order and adequate reason to quash the subpoenas. They have carried neither burden. That plaintiff has had "unfettered" opportunity to obtain sworn statements from the Shivers does not of itself demonstrate good cause or undue burden.

Bald assertions of emotional and financial stress, moreover, do not suffice. That defendants will incur additional expense by attending the noticed depositions does not show undue burden or good cause for a protective order. During the course of litigation, parties will generally incur expenses. Defendants have provided no evidence, by affidavit or otherwise, of undue burden.

For the foregoing reasons the court overrules Defendants' Motion to Quash; Motion For Protective Order (doc. 58). Each party shall be responsible for its own costs incurred in obtaining this order. Both sides had legitimate reasons for their respective position.

IT IS SO ORDERED.