Lisa WILSON, et al., Plaintiffs,

v.

OLATHE BANK, et al., Defendants.

No. Civ. 97–2458–JTM.

United States District Court,
D. Kansas,
Kansas City Division.

Feb. 11, 1999.

(Doc. 83). The objections are moot after denial of plaintiffs' motion.

Albert L. Kamas, Larry D. Ehrlich, Render Kamas, L.C., Wichita, KS, Stanley M. Chesley, Terrence L. Goodman, Waite, Schneider, Bayless & Chesley Co. L.P.A., Cincinnati, OH, W.B. Markovits, Markovits & Greiwe Co., L.P.A., Cincinnati, OH, for plaintiffs.

Leland H. Corley, Leonard B. Rose, Lewis, Rice & Fingersh, L.C., Kansas City, MO, for Olathe Bank.

J. Emmett Logan, Morrison & Hecker L.L.P., Kansas City, MO, for Exchange National Bank.

Grant M. Glenn, R. Patrick Riordan, Woner, Glenn, Reeder & Girard, Topeka, KS, for Community Bank.

Charles W. German, David J. Rempel, Scott M. Brinkman, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Mike Yancey.

Ann L. Hoover, Clutter, Hinkel & Aadalen, LLP, Topeka, KS, for Jake Esser and Fred Meier.

Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Lisa Keating.

Kirk D. Auston, Oklahoma City, OK, Robert A. Andrews, Charles E. Fowler, III, Andrews & Fowler, Chtd., Leawood, KS, for Paul Mitchell.

J. Nick Badgerow, Jill Galbreath Smith, Spencer, Fane, Britt & Browne, Overland Park, KS, for Premier Bank.

James C. Morrow, Myerson & Morrow, Kansas City, MO, for Michael Martin.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration three Motions for Protective Order (docs. 234, 239, and 260). Pursuant to Fed.R.Civ.P. 26(c), defendants Fred Meier and Jake Esser each seek an order to prohibit plaintiffs from videotaping their depositions and defendant Community Bank seeks to prohibit plaintiffs from videotaping the deposition of its President, Francis Esely. Plaintiffs oppose the motions.

■■■ Whether to enter a protective order addresses the sound discretion of the court. *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995). Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D.Kan.1996). To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

No movant has agreed to a videotaped deposition. Defendants object to videotaping, because there is no indication that the deponents will be unavailable for trial. They further argue that videotaping is more expensive than stenographic procedure, in that they must bear the additional expense of obtaining a copy of the video. They also contend that they may face increased taxable costs as well. They argue that it is impractical to videotape the depositions, due to the number of parties and attorneys in this case.

Plaintiffs submit that Fed.R.Civ.P. 30(b)(2) permits depositions to be videotaped. They contend, furthermore, that videotaping will facilitate the ability of the court to rule on possible claims that counsel or witnesses have violated the specific code of conduct required by Judge Marten at depositions. They further argue that videotaping is necessary, if the court orders separate trials for some 700 plaintiffs. They contend that no defendant is required to bear any additional expense. They deny any impracticality of videotaping.

Fed.R.Civ.P. 30(b)(2) specifically permits depositions to be recorded by nonstenographic means, unless the court orders otherwise. No party suggests that the court has disallowed videotaped depositions. A review of the record, furthermore, reveals no such prohibition. Rule 30(b)(2) is intended to allow parties to "record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Fed. R.Civ.P. 30(b) advisory committee notes (1993 amend.) The Rule "confers on the party taking the deposition the choice of the method of recording." *Id.*

The notes of the advisory committee recognize that circumstances may warrant objections to the nonstenographic recording of a deposition. *Id.* Fed.R.Civ.P. 26(c) provides a proper procedure to present such objections to the court. That Rule authorizes a protective order against annoyance, embarrassment, oppression, and undue burden or expense.

■■■ Movants object to videotaping their depositions, because there is no indication that they will be unavailable for trial. Fed. R.Civ.P. 30(b)(2) contains no requirement regarding the availability of the witness for

trial. The objection shows no annoyance, embarrassment, oppression, or undue burden or expense. The court overrules the objection.

Movants further argue that it is more expensive to videotape a deposition than to record it stenographically. Fed.R.Civ.P. 30(b)(2) provides that "the party taking the deposition shall bear the cost of the recording." Thus, the only expense which might be borne by movants is the purchase of a copy of the videotape. Defendants have not shown this to rise to the level of undue expense, within the meaning of Fed.R.Civ.P. 26(c). Nothing requires movants, furthermore, to purchase a copy of the video.

■ Movants also argue that they may face increased taxable costs as well. "[C]osts associated with videotaping a deposition are taxable...." *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1477 (10th Cir.1997). The speculative possibility that a party may incur increased taxable costs constitutes no good cause to prohibit videotaping. To find otherwise would essentially devour the choice given to the deposing party by Fed.R.Civ.P. 30(b)(2). Parties in every action could make the same speculative argument that movants herein make. The court does not find that increased taxable costs necessarily equates with undue expense within the meaning of Fed.R.Civ.P. 26(c).

Movants suggest the court cannot ignore the discussion about videotaping contained in *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499 (D.Kan.1994). The court does not ignore *Griffith.* It instead finds *Griffith* inapplicable. That case discusses the propriety of taxing the costs for videotaping depositions. *Id.* at 502–03. Standards for taxing costs do not provide the criteria, however, for determining whether or not videotaping should be allowed. That a party must show a necessity for videotaping as a prerequisite for taxing it as costs has little, if any, relevance in determining whether the videotaping may occur in the first instance. Taxing costs merely determines who will pay for the procedure, not whether it is appropriate. Movants have the burden to show good cause for a protective order against videotaping.

The court further notes that *Griffith* apparently involved depositions taken before the effective date of the 1993 amendments to Fed.R.Civ.P. 30. The case mentions that plaintiff had sought leave to videotape. The 1993 amendment to Rule 30(b), however, removed the requirement that a party must first obtain permission of the court or agreement of opposing parties to videotape depositions. The amended rule contains the following sub-paragraph:

(2) The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means.

Fed.R.Civ.P. 30(b)(2) thus gives plaintiffs a right to choose the method of recording and the duty to bear the cost. The advisory committee notes to the 1993 Amendments state that the primary change in Rule 30(b) "is that parties will be authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Whether or not the costs may be taxed to another party constitutes a separate question not now before the court.

■ Movants lastly argue that it is impractical to videotape the depositions, due to the number of parties and attorneys in this case. Movants provide no showing of annoyance, embarrassment, oppression, or undue burden or expense to support the argument. They have thus provided no basis to prohibit the chosen method of recording. The court knows of no principle which the number of parties and attorneys who attend a deposition determines whether it may be videotaped.

Movants also attack the reasons given by plaintiff for videotaping. As already mentioned, however, plaintiffs have no burden to justify the procedure. Movants have the burden to justify a protective order against videotaping. They have not carried that burden.

■ Overruling a motion for protective order prompts consideration of sanctions under Fed.R.Civ.P. 37(a)(4)(B). *See* Fed. R.Civ.P. 26(c). Rule 37(a)(4)(B) provides in pertinent part:

> If the motion is denied ... the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

The court finds sanctions unjustified. The issues presented appear to be ones of first impression in this court. Although they were easily resolved by reference to Fed. R.Civ.P. 26(c) and 30(b)(2), the court declines to award plaintiffs reasonable expenses incurred on the motions and subsequent briefing. Each party shall bear its own expenses incurred on those items.

For the foregoing reasons, the court overrules the Motions for Protective Order (docs. 234, 239, and 260), filed by defendants Fred Meier, Community Bank, and Jake Esser.

IT IS SO ORDERED.