Georgeanna GOTTSTEIN,
et al., Plaintiffs,

v.

THE NATIONAL ASSOCIATION FOR
THE SELF EMPLOYED, et al.,
Defendants.

Margaret L. Kingston, et al., Plaintiffs,

v.

UICI, et al., Defendants.

Georgeanna Gottstein, et al., Plaintiffs,

v.

The National Association For The Self
Employed, et al., Defendants.

CIV.A.Nos. 98–2339–KHV, 98–
2540–KHV, 98–2541–KHV.

United States District Court,
D. Kansas.

June 24, 1999.

James D. Griffin, Todd A. Scharnhorst, Michael E. Callahan, Blackwell Sanders Pep-

er Martin LLP, Overland Park, KS, for plaintiffs.

Leonard R. Frischer, Bradley S. Russell, Frischer & Russell, Chtd., Overland Park, KS, for defendant.

Lynn W. Hursh, Douglas R. Richmond, Orion Riggs, Armstrong Teasdale LLP, Kansas City MO, for defendant.

Craig S. O'Dear, Juliet A. Cox, Bryan Cave LLP, Kansas City, MO, James David Brown, Winstead, Sechrest & Minick, P.C., Dallas, TX, Lynn S. McCreary, Bryan Cave LLP, Overland Park, Charles A. Newman, Jason E. Maschmann, Bryan Cave LLP, St. Louis, MO, for National Association for the Self Employed, UICI, PFL Life Insurance Company, defendants.

### *MEMORANDUM AND ORDER*

RUSHFELT, United States Magistrate Judge.

Before the court is Defendants' Motion for Protective Order (doc. 42). Pursuant to Fed. R.Civ.P. 26(c), defendants PFL Life Insurance Company, UICI, Ron Jensen, and the National Association for the Self–Employed seek an order to protect confidential, commercially sensitive, and proprietary information produced during discovery. Plaintiffs oppose the motion.

The parties generally agree that a confidentiality order is necessary to prohibit unlimited dissemination of certain information obtained in discovery. They also generally agree on the contents of such order, except for the inclusion of paragraph ten. It provides:

10. Whenever CONFIDENTIAL INFORMATION includes lists of, or information regarding, current or former policyholders of any defendant, or includes lists of, or information regarding, current or former general or independent sales agents of any defendant, no party may use such CONFIDENTIAL INFORMATION to contact such policyholders or agents (whether by phone, mail, electronically or otherwise) without the express knowledge and written consent of all parties and the

Court. A party's consent shall not be unreasonably withheld.

In the absence of the protection afforded by proposed paragraph ten defendants do not want to identify non-party policyholders. They suggest they have a legitimate business interest in preventing unrestricted contact with their customers. They assert that a protective order is necessary to shield them from the untested allegations of plaintiffs. They contend that unregulated contacts pose significant danger to their businesses and jeopardize their relationships with their customers. They also suggest that counsel for plaintiffs may improperly solicit business from identified individuals. They envision mass mailings and cold-call solicitations from counsel for plaintiffs. In addition they suggest that this litigation will involve disclosure of confidential, proprietary, and trade secret information. They believe the protective order proper to limit dissemination of such information.

Plaintiffs attack the motion on various procedural grounds. In this instance those attacks fail. The court thus addresses the motion on its merits. Although plaintiffs purport to oppose the motion in its entirety, they oppose it only for paragraph ten of the proposed protective order. Their arguments on the merits address only that one paragraph. They suggest the paragraph unnecessarily imposes procedures on the parties and the court. They also contend it is overly broad and improperly limits their right to interview witnesses.

Defendants suggest that the court follow *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999 (11th Cir.1997) and prohibit unregulated communication with their customers. The court finds *Jackson* essentially unpersuasive and distinguishable on its facts. In *Jackson* the defendant sought a writ of mandamus to vacate an order "authorizing the plaintiffs in two consolidated race discrimination cases to advertise their allegations to the public at large and to communicate with current and former ... employees through mass mailings." *Id.* at 1001. The district court authorized the communications after plaintiffs moved for an order granting relief from

a local rule. The rule provides in pertinent part that

> [i]n every case sought to be maintained by any party as a class action, all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such actions with any potential or actual class member, not a formal party to the case, without approval by the Court.

*Id.* at 1002 (quoting Middle District of Florida's Local Rule 4.04(e)). The Eleventh Circuit found the "order authorizing class communications prior to class certification" an abuse of discretion. *Id.* at 1004. It stated that such an order "is likely to be an abuse of discretion when (1) the communication authorized by the order is widespread and clearly injurious and (2) a certification decision is not imminent or it is unlikely that a class will in fact be certified." *Id.*

*Jackson* is factually distinguishable. Defendants in this case do not suggest that plaintiffs intend to advertise their allegations to the public at large. Defendants fear the possibility of mass mailings, but provide nothing of substance to suggest plaintiffs intend them. The court finds nothing to suggest that plaintiffs have any intent to conduct a mass mailing of any sort.

The District of Kansas, furthermore, has no local rule corresponding to Rule 4.04(e). In this case no one wants the court to authorize communications by plaintiffs and their counsel. Defendants instead want to prohibit such communications in the absence of their consent and that of the court. For all of these reasons the court finds *Jackson* factually distinguishable.

Were *Jackson* on point, its application would not require the inclusion of paragraph ten. The Eleventh Circuit did not vacate its order to authorize "inquiries and communications that would be allowable as a normal discovery matter." 130 F.3d at 1008 n. 19. The paragraph proposed by defendants would disallow even those types of communications, unless they and the court consented to them. Defendants have presented nothing else to convince the court that excluding paragraph ten from the proposed protective order would be an abuse of its discretion.

They only conjecture that communications of counsel for plaintiffs will be widespread or clearly injurious. They provide nothing beyond speculation to support the alleged harm to their reputation or profits. From the facts before it, the court finds nothing to create an inference that the future communications by plaintiffs or their counsel will be widespread or clearly injurious.

■ Having found *Jackson* distinguishable, the court will determine the standards to be applied in determining the motion. Defendants refer to Fed.R.Civ.P. 26(c) for their requested protective order. That rule, however, applies only to discovery. As the reply brief of defendants clearly indicates, plaintiffs had served no formal discovery to precipitate the motion. No one suggests, furthermore, that the disclosure requirements of Fed.R.Civ.P. 26(a)(1) prompted it. It thus appears that Rule 26(c) has no applicability to the motion as initially submitted. Defendants attach to their reply brief, however, Plaintiffs' Opening Interrogatories and First Request for Production of Documents. The formal discovery seeks information subject to the proposed protective order. Although the requests for discovery came after the motion, the court, nevertheless, finds Rule 26(c) applicable to the extent the motion seeks protection from that discovery. Such finding appears consistent with the dictates of Fed.R.Civ.P. 1 that the court construe and administer the Federal Rules of Civil Procedure in a manner "to secure the just, speedy, and inexpensive determination of every action."

■ Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order carries the burden of persuasion to show good cause for it. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996). To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). That plaintiffs served

the discovery after the motion for protective order is a factor the court will consider in determining whether defendants have demonstrated good cause for the requested protection.

Fed.R.Civ.P. 23(d) also applies to the present motion. It applies when "considering sweeping limitations on communications by named plaintiffs and their counsel to prospective class members" of an uncertified class. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). In *Gulf Oil Co.,* the Supreme Court set forth the applicable standards for limiting such communications. *See id.* at 91–104, 101 S.Ct. 2193.

The district court in *Gulf Oil Co.* "issued an order virtually identical to Rule 4.04(e) ... as 'a prophylactic measure against potential abuses' associated with class actions, such as 'solicitation of representation, solicitation of funds and of opt-out requests, and misrepresentations that may create confusion and reflect adversely on the court or the administration of justice.'" *Jackson v. Motel 6 Multipurposes, Inc.,* 172 F.R.D. 462 (M.D.Fla.), *mandamus granted by* 130 F.3d 999 (11th Cir.1997). The question before the Supreme Court was whether the limiting order was "consistent with the general policies embodied in [Fed.R.Civ.P.] 23, which governs class actions in federal court." *Gulf Oil Co.,* 452 U.S. at 99, 101 S.Ct. 2193. Rule 23(d) provides in pertinent part: "In the conduct of actions to which this rule applies, the court may make appropriate orders ... (3) imposing conditions on the representative parties ... [and] (5) dealing with similar procedural matters."

■ Whether proceeding under Fed.R.Civ.P. 23(d) or 26(c) plaintiffs must demonstrate good cause or its equivalence to limit communications in the manner proposed in this class action litigation. *Gulf Oil Co.,* 452 U.S. at 101–02, 101 S.Ct. 2193 (setting forth the standards under Rule 23(d)); *Wilson v. Olathe Bank,* 184 F.R.D. 395, 397 (D.Kan. 1999) (setting forth the standards under Rule 26(c)). The Supreme Court recognizes the similarities between the "good cause" requirement of Rule 26(c) and the standard of

Rule 23(d) in footnote sixteen of its opinion, when it cites an opinion which addresses what is necessary to establish "good cause" within the meaning of Rule 26(c). *See Gulf Oil Co.*, 452 U.S. at 102 n. 16, 101 S.Ct. 2193. With respect to the particular considerations under Rule 23(d) the Supreme Court has stated:

> Class actions serve an important function in our system of civil justice. They present, however, opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules.

452 U.S. at 99–100, 101 S.Ct. 2193 (footnotes omitted). The Court went on to hold that

> an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23. In addition, such a weighing——identifying the potential abuses being addressed——should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances. As the court stated in *Coles v. Marsh,* 560 F.2d 186, 189 (3rd Cir.), cert. denied, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977):

> > "[T]o the extent that the district court is empowered ... to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the

relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties."

.     .     .     .     .

> We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order. Although we do not decide what standards are mandated by the First Amendment in this kind of case, we do observe that the order involved serious restraints on expression. This fact, at minimum, counsels caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuses.

> We recognize the possibility of abuses in class-action litigation, and agree with petitioners that such abuses may implicate communications with potential class members. But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules. There certainly is no justification for adopting verbatim the form of order recommended by the Manual for Complex Litigation, in the absence of a clear record and specific findings of need. Other, less burdensome remedies may be appropriate. Indeed, in many cases there will be no problem requiring remedies at all.

452 U.S. at 101–04, 101 S.Ct. 2193 (footnotes omitted).

██ Defendants have demonstrated no good cause for proposed paragraph ten. When a proposed protective order under either Fed.R.Civ.P. 23(d) or 26(c) involves "serious restraints on expression", the movant must demonstrate that "the restraint is justified by a likelihood of serious abuses." *See Gulf Oil Co.,* 452 U.S. at 104, 101 S.Ct. 2193. Defendants here provide no evidence that the proposed restraint on communications meets that criterion. They suggest only unsubstantiated fears. That does not suffice to warrant the inclusion of paragraph

ten. The court also points out, however, that the mere exclusion of proposed paragraph ten does not mean that plaintiffs or their counsel have a right to engage in improper communications.

Counsel for plaintiffs have a right to interview persons who might have knowledge concerning matters in dispute in this litigation. Defendants provide nothing but unsupported conjecture that counsel for plaintiffs will solicit business from individuals identified through discovery. Counsel for plaintiffs concede their ethical duty to refrain from such solicitation. Plaintiffs assert that they intend to contact current policyholders only to gather factual information. Unless presented with persuasive evidence to the contrary, the court assumes counsel will abide by ethical rules and canons.

That discovery in this litigation will entail divulging confidential information likewise provides no adequate basis for paragraph ten. The paragraph imposes no limitation on the dissemination of confidential or trade secret information. It instead restricts the right of counsel for plaintiffs to interview individuals who might have discoverable information. That counsel may contact individuals identified by confidential information does not mean that trade secret or other confidential information will be disclosed to the person contacted.

Defendants also suggest that they have a legitimate business interest in preventing unrestricted contact with their customers. They contend that paragraph ten is necessary to shield them from the untested allegations of plaintiff. They suggest that they will suffer damage to their reputation and profits, if counsel for plaintiffs contact their customers. They present nothing but supposition and conjecture, however, to support finding future communications of counsel for plaintiffs will harm their reputation or profits.

The reply brief of defendants, furthermore, suggests more appropriate safeguards than those provided by paragraph ten to address their concerns of harm. It states: "Without the safeguards contained in the proposed protective order, Plaintiffs would be under no obligation to explain that a court required Defendants to produce the policy-holder's confidential information, that a class has not been certified, or that the merits of Plaintiffs' allegations have not been determined." Defendants offer no reason why the proposed protective order could not impose these obligations on plaintiffs and their counsel, rather than the limitations contained within paragraph ten. These obligations are less burdensome on the parties and the court than proposed paragraph ten. Paragraph ten as presently written unnecessarily embroils the court in matters which are better left to the parties and their attorneys to decide.

The court has reviewed the proposed protective order in its entirety. Despite no opposition by plaintiffs, other than against paragraph ten, the court directs defendants to make the following modifications and submit the modified protective order for signature:

1. Remove the "9" from line three of the first unnumbered paragraph.

2. Remove the first "as" from the first line of numbered paragraph one.

3. Change the "i" in line three of numbered paragraph seven to "is."

4. Delete numbered paragraph ten in its entirety and replace it with the following:

10. At the close of every communication initiated or responded by the plaintiffs or their counsel the following statement shall be slowly read or conspicuously written:

BY ORDER OF THE DISTRICT COURT, I REMIND YOU THAT THE ALLEGATIONS OF PLAINTIFFS ARE, TO DATE, JUST THAT—ALLEGATIONS. THEY HAVE NOT BEEN PROVEN IN A COURT OF LAW. IN ADDITION THE COURT HAS NOT YET APPROVED THIS ACTION TO PROCEED AS A CLASS ACTION. DEFENDANTS, FURTHERMORE, PRODUCED CONFIDENTIAL INFORMATION OF THEIR POLICYHOLDERS IN CONNECTION WITH THIS LITIGATION AND FOR NO IMPROPER OR UNETHICAL PURPOSE.

5. Insert after the period on line four of numbered paragraph 11 the following sentence:

The party applying for a ruling regarding the confidentiality of a particular document shall make reasonable efforts to confer and resolve the dispute without judicial intervention, as required by Fed. R.Civ.P. 37 and D.Kan. Rule 37.2 prior to filing a motion to compel.

6. Delete all references in numbered paragraph sixteen to destroying produced information.

7. Change the "bee" in line two of numbered paragraph seventeen to "been."

For the foregoing reasons, the court sustains in part and overrules in part Defendants' Motion for Protective Order (doc. 42.) Defendants may submit for signature a protective order in a form consistent with this order.

IT IS SO ORDERED.