Russell BOWER, et al., Plaintiffs,

v.

The BUNKER HILL
COMPANY, Defendant.

Russell BOWER, et al., Plaintiffs,

v.

GULF RESOURCES & CHEMICAL
COMPANY, Defendant.

Nos. C–82–412 RJM, C–85–87 RJM.

United States District Court,
E.D. Washington.

Oct. 10, 1985.

Robert H. Gibbs, Gibbs, Douglas, Theiler & Crachler, Seattle, Wash., Stephen Berzon, Geo. Harris of Altshuler & Berzon, San Francisco, Cal., for plaintiffs.

Eugene I. Annis of Lukins & Annis, Spokane, Wash., William F. Boyd of Evans, Keane, Koontz, Boyd and Ripley, Kellogg, Idaho, for defendants.

## ORDER

ROBERT J. McNICHOLS, Chief Judge.

Plaintiffs initially sought to have this case certified as a class action consisting of present and future pensioners of the Bunker Hill Company. While the class certification motion was pending, counsel for defendants advised plaintiffs' counsel of their intent to begin interviewing potential class members. On June 19, 1985, a telephonic status conference was held and plaintiffs' counsel requested that the court enter an order prohibiting such conduct. A temporary order was issued which precluded the defendants from contacting putative class members without the consent of plaintiffs' counsel pending further briefing by the parties. A hearing was held on July 9, 1985 and the court granted plaintiffs' motion to certify this case as a class action pursuant to Rule 23(b)(2) Fed.R.Civ.P.

Notwithstanding the class certification order, defendants continue to maintain that they are entitled to contact plaintiff-class members without leave of court or consent of opposing counsel. In support of their position, defendants rely on *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). In *Gulf Oil*, the Supreme Court held that routine orders which restrict communications between putative class members and plaintiffs' counsel were contrary to the purposes of Rule 23, Fed.R. Civ.P. The Court further held that before any such restrictions could be imposed, the district court must make specific findings based upon a clear record which reflects a "weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101, 101 S.Ct. at 2200. Defendants argue that there has been no showing that any such restriction is necessary and that a communications ban, if imposed, would stifle their ability to adequately prepare their case.

Plaintiffs argue that *Gulf Oil* does not apply to the facts of this case because the principles which were applied to protect communications between class members and class counsel do not apply to protect communications to class members by opposing counsel. Instead, plaintiff's position is that once the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel. As such, defense counsel are prohibited from communicating with class members by DR 7–104 of the Code of Professional Responsibility which provides in pertinent part:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.[1]

Identical contentions were presented by the parties in *Resnick v. American Dental Ass'n*, 95 F.R.D. 372 (N.D.Ill.1982). The court held that the defendants' reliance on *Gulf Oil* was misplaced. The court distinguished *Gulf Oil* on the very grounds advanced by the plaintiffs here, namely, that the principles underlying the rule against restricting communications between class members and counsel differ depending upon whether it is plaintiff's counsel or defense counsel seeking to communicate.

This distinction is a valid one. In *Gulf Oil*, the Court was concerned that orders which restrict communications between putative class members and plaintiffs' counsel interferred with the latter's efforts to inform potential class members of the existence of the lawsuit. *Id.* 452 U.S. at 101, 101 S.Ct. at 2200. Additionally, the Court felt that such orders made it more difficult for plaintiffs' counsel to obtain information from the persons they sought to represent. *Id.* In short, the Court found that al-

---

**1.** This rule is made applicable to members of the bar of this court by Rule 1(f) of the Local Rules of Practice of the United States District Court for the Eastern District of Washington.

though the potential for abusive communications existed, a blanket order restricting all communications was overly broad and deprived both counsel and class members access to information which could be beneficial to each. Accordingly, the Court held that such restrictions could only be imposed by means of a carefully drawn order which limited speech as little as possible. 452 U.S. at 102, 101 S.Ct. at 2200–01.

In contrast, the defendants articulated reason for contacting class members here is to obtain information to aid in the preparation of its own case. As was noted by the court in *Resnick,* such a need is present in every case and can be readily filled by the use of the discovery process. *Id.* at 377. Moreover, class members gain no benefit from such contact. Quite the contrary, the imbalance in knowledge and skill which exists between class members and defense counsel presents an extreme potential for prejudice to class members' rights. This problem has long been recognized and remedied by the proscription against such communications found in DR 7–104.

The defendants have advanced no reason, nor can I perceive of one, why the foregoing proscription should not apply to a class action. In fact, such a position is arguably foreclosed by the Court's language in *Gulf Oil* where it was stated:

> In the conduct of a case, a court often finds it necessary to restrict the free expression of participants, including counsel, witnesses, and jurors. Our decision regarding the need for careful analysis of the particular circumstances is limited to the situation before us—involving a broad restraint on communications with class members. *We also note that the rules of ethics properly impose restraints on some forms of expression. See, e.g., ABA Code of Professional Responsibility, DR 7–104 (1980).* (emphasis added).

*Id.* at 104 n. 21.

In summary, I believe that DR 7–104 applies to the facts of this case and defense counsel must treat plaintiff-class members as represented by counsel and must conduct themselves in accordance with DR 7–

104(A)(1). Accordingly, defense counsel may not communicate with any class member with respect to matters which are the subject of this litigation without prior consent of class counsel or this court. However, counsel for the class members are advised that the court will look with favor upon discovery procedures which will minimize the time and cost to defendants in obtaining necessary information from class members.

IT IS SO ORDERED.