Salvatore N. FULCO, et al., Plaintiffs,

v.

CONTINENTAL CABLEVISION, INC., American Cablesystems Corporation, Shearson Lehman Hutton, Inc., Malarkey–Taylor Associates, Inc., et al., Defendants.

Civ. A. No. 89–1342–S.

United States District Court, D. Massachusetts.

Jan. 14, 1992.

Thomas V. Urmy, Jr., Edward F. Haber, Shapiro, Grace & Haber, Boston, Mass., Sheldon L. Albert, Barrack, Rodos & Bacine, Philadelphia, Pa., Richard Dannenberg, Lowey, Dannenberg, Bemporad & Selinger, New York City, Joseph Smick, Parker Coulter Daley & White, Boston, Mass., for plaintiffs.

Martin E. Karlinsky, Camhy Karunsky & Stein, New York City, Thomas J. Dougherty, Lori Weiner Lander, Skadden, Arps, Slate, Meager & Flom, Boston, Mass., Barry Ostrager, Simpson, Thacher & Bartlett, New York City, Richard Lavin, James S. Dittmar, Widett Slater Goldman, Adrienne M. Markham, Gouston & Storrs, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANT SHEARSON'S MOTION FOR AN ORDER ALLOWING SHEARSON TO COMMUNICATE WITH CLASS MEMBER–BROKERS

SKINNER, District Judge.

In my order of April 9, 1991, I allowed all the limited partners who are current or former Shearson Lehman Hutton, Inc., ("Shearson") employees to join the class. Defendant Shearson now moves for an order allowing it to communicate with and interview those absent class members who are current Shearson employees. Shearson seeks permission to engage in such communications only with each such individual's express consent to such an interview, and only on the subject of that individual's actions, if any, with respect to the solicitation of limited partners in the class that plaintiffs have alleged was fraudulently conducted.

Massachusetts' Supreme Judicial Court Rule 3:07, DR 7–104, and the same professional responsibility provision of New York's Code, provide:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

The issues presented by defendant Shearson's motion are whether Disciplinary Rule 7–104 applies to Shearson's counsel once the class has been certified, and if so,

whether this court should nonetheless authorize *ex parte* communications by Shearson's counsel with these particular class members.

■ While this is apparently a case of first impression in the first circuit, I agree with courts which have held that "once the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel." *Bower v. Bunker Hill Company,* 689 F.Supp. 1032, 1033 (E.D.Wash.1985). *See also Resnick v. American Dental Ass'n,* 95 F.R.D. 372, 377 (N.D.Ill.1982). After the class has been certified, defendants' counsel must treat the unnamed class members as "represented by" the class counsel for purposes of DR 7–104. *Resnick,* 95 F.R.D. at 376–77. *See also Bower,* 689 F.Supp. at 1033; *Impervious Paint Industries, Inc. v. Ashland Oil,* 508 F.Supp. 720, 723 (W.D.Ky.1981). *But see* H. Newberg, *Newberg on Class Actions* § 15.15 (2d ed. 1986) (hereinafter "Newberg") (Application of DR 7–104 to defendant's counsel before the close of the opt-out period, rather than after, may be "more difficult" because "the putative class may contain members who will reject the class action remedy" during the opt-out period.) (emphasis omitted).

The question remains whether this court should nonetheless allow defendant Shearson's counsel to undertake *ex parte* interviews of absent class members who are also Shearson employees, under the conditions set forth above. Shearson argues that unless the court allows the proposed communications, Shearson will be unable to defend against the fraudulent solicitation alleged in paragraph 64 of the plaintiffs' amended complaint. The clear implication of Shearson's request is that Shearson did not conduct discovery of the Shearson employees at issue before the October 31, 1990 discovery cutoff for this litigation.

Shearson asserts that it had no reason to conduct discovery into the alleged fraudulent solicitation, before early August 1990, when plaintiffs sought to expand the scope of the certified class to include limited partners who were also Shearson brokers.

Shearson also asserts that only when plaintiffs attempted to include the limited partner-brokers in the class, did a need for Shearson to canvas their brokers arise. While at least three months for discovery remained after Shearson learned of plaintiffs' motion to expand the class, Shearson argues it was not free to discuss the litigation *ex parte* with the Shearson employees while the motion for re-certification was pending, citing *Tedesco v. Mishkin,* 629 F.Supp. 1474 (S.D.N.Y.1986) and *Kleiner v. First Nat'l Bank,* 102 F.R.D. 754, 769–70 (N.D.Ga.1983).

I find defendant Shearson's arguments unpersuasive. Defendant Shearson has been on notice of the possible fraudulent solicitation by the limited partner-brokers from the time they received a copy of the plaintiffs' amended complaint. *See* Plaintiffs' amended complaint, paragraph 64. Thus, the issue of possible misconduct by Shearson brokers has been a pertinent area of discovery since the beginning of this lawsuit.

■ Shearson's contention that it was not allowed to communicate with those limited partners who were also Shearson brokers while certification of the expanded class was pending is incorrect. Neither *Tedesco* or *Kleiner* as cited by Shearson is on point. *Tedesco* dealt with restrictions on defendant communications with class members *after* class certification. *Tedesco,* 629 F.Supp. at 1476. In this action, certification was still pending for the limited partner-brokers during the normal discovery period. *Kleiner* dealt with a local rule and a pretrial court order restricting the communications by the defendants there and potential class members. *Kleiner,* 102 F.R.D. at 758–60. No such local rule or pre-trial order restricting communications with potential class members was applicable in the current action.

Attempts by Shearson to "threaten potential members with legal, economic, or political sanctions if they join the class" would have constituted abusive communications by Shearson. Newberg § 15.14 at 219. But Shearson was free to conduct discovery and to communicate *ex parte*

with the limited partner-brokers with regard to the alleged fraudulent solicitation at all times before the cut off of normal discovery in this litigation. *See Cada v. Costa Line, Inc.,* 93 F.R.D. 95, 98 (N.D.Ill. 1981). *See generally* Newberg § 15.14.

Shearson inexplicably chose not to investigate the limited partner-brokers who might have engaged in the alleged misconduct during normal discovery.[1] One possible explanation, suggested by plaintiffs, is that Shearson's counsel did not believe that such discovery was relevant to the brokers involved, because it was highly unlikely that any of these brokers engaged in the misconduct alleged in paragraph 64 of plaintiffs' amended complaint.

■ Assuming that Shearson was merely being overzealous in upholding its perceived obligations under DR 7–104 by not communicating with potential class members, I am inclined to grant limited relief. I will allow defendant Shearson to interview those limited partners who are currently Shearson employees on the following conditions. All interviews will occur only with each such individual's express written consent to such an interview and only on the subject of that individual's actions, if any, with respect to the solicitation that plaintiffs have alleged was fraudulently conducted. All requests for interviews should be made only through class counsel, and class counsel shall be present at the interview if the employee so requests. No inquiry by Shearson's counsel as to the nature, subject, timing or substance of any communications between class counsel and class members shall be allowed.

ACCORDINGLY, defendant Shearson's motion for an order allowing it to communicate with the class members who are also current Shearson employees is *allowed,* subject to the conditions set forth above.

---

1. Shearson should not have had any difficulty identifying the limited partner-brokers in question. As noted in my Memorandum and Order on Defendants' Motion for Reconsideration of October 31, 1991, "Shearson knows the identity of each of its employees, and could have cross-checked this information with the initial investor questionnaires (which required disclosure of each investor's place of employment)."