COX NUCLEAR MEDICINE,
etc., Plaintiff,

v.

GOLD CUP COFFEE SERVICES,
INC., Defendant.

No. CIV.A.02–0831–WS–M.

United States District Court,
S.D. Alabama,
Southern Division.

March 7, 2003.

Bryan Neil Cigelske, Steven A. Martino, Taylor, Martino & Hedge, P.C., Mobile, AL, for plaintiff.

Joel Scott Dickens, L. Graves Stiff, III, Starnes & Atchison, LLP, Birmingham, AL, John Peter Crook McCall, Starnes & Atchison, LLP, Mobile, AL, for defendant.

## ORDER ON MOTION TO SHOW CAUSE

STEELE, District Judge.

This cause is before the Court on the plaintiff's motion to show cause, (Doc. 16), in

which the plaintiff seeks an order that the defendant be ordered to show cause why sanctions should not be imposed against it in consequence of its contacts with members of the proposed class. The defendant has filed a response to the motion, to which the plaintiff has replied, (Docs. 19, 20), and the motion is now ripe for resolution. After carefully considering the foregoing materials, as well as all other relevant materials in the file, the Court concludes that the plaintiff's motion is due to be denied.

■ "[A]n order limiting communication between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). *Bernard* involved contact by plaintiff's counsel, but lower courts have applied *Bernard* to contact by defendants and their counsel as well.[1]

■ " '[T]o the extent that the district court is empowered . . . to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a *specific record showing* by the moving party of the particular abuses by which it is threatened.' " *Gulf Oil v. Bernard*, 452 U.S. at 102, 101 S.Ct. 2193 (emphasis added)(quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3rd Cir.1977)). In compliance with *Bernard*, courts have routinely recognized that the moving party must present an evidentiary showing of actual or threatened abuse by the party sought to be restrained.[2] Two kinds of proof are required. First, the movant must show that a particular form of communication has occurred or is threatened to occur.[3] Second, the movant must show that the particular

1. See, e.g., *Great Rivers Cooperative v. Farmland Industries, Inc.*, 59 F.3d 764, 766 (8th Cir.1995); *Kleiner v. First National Bank*, 751 F.2d 1193, 1201–03 (11th Cir.1985); *In re School Asbestos Litigation*, 842 F.2d 671, 680 (3rd Cir.1988); *Ralph Oldsmobile, Inc. v. General Motors Corp.*, 2001 WL 1035132 at *2 (S.D.N.Y.2001); *Abdallah v. Coca–Cola Co.*, 186 F.R.D. 672, 675 n. 1 (N.D.Ga.1999); *In re Potash Antitrust Litigation*, 896 F.Supp. 916, 920 (D.Minn.1995); *Babbitt v. Albertson's, Inc.*, 1993 WL 128089 at *5 (N.D.Cal.1993); *Cohen v. Apache Corp.*, 1991 WL 1017 at *2 (S.D.N.Y.1991). But cf. *Bower v. Bunker Hill Co.*, 689 F.Supp. 1032, 1033–34 (E.D.Wash.1985)(*Bernard* does not govern defense contacts with class members after a class is certified).

2. See, e.g., *O'Brien v. Morse*, 2002 WL 1290392 at *2 (N.D.Ill.2002) ("A protective order should only be issued if the record reflects a clear finding of potential abuse."); *Basco v. Wal–Mart Stores, Inc.*, 2002 WL 272384 at *3 (E.D.La. 2002)("Courts should not limit communications without a specific record showing by the moving party of the particular abuses by which it is threatened."); *Lee v. American Airlines, Inc.*, 2002 WL 226347 at *2 (N.D.Tex.2002)(the plaintiff "failed to allege or prove that Defendant was engaged in any abusive or unethical communications"); *Payne v. Goodyear Tire & Rubber Co.*, 207 F.R.D. 16, 20 (D.Mass.2002)("Considering all the evidence put forth by the plaintiffs, [they] have failed to show that the defendant has engaged in any threatened or actual abusive or unethical communications with putative class members."); *Hammond v. City of Junction City*,

2002 WL 169370 at *3 (D.Kan.2002)("The record must show the particular abuses that have occurred or that are threatened . . . ."); *Jenifer v. Delaware Solid Waste Authority*, 1999 WL 117762 at *4 (D.Del.1999)("There must be some evidence that justifies an interference with [the defendant's] speech."); *Burrell v. Crown Central Petroleum, Inc.*, 176 F.R.D. 239, 244 (E.D.Tex.1997)("Absent a clear record and specific findings of realized or threatened abuses, an order cannot be justified under the relevant standard."); *id.* at 245 ("Without evidence of coercion, misleading statements, or efforts to undermine the purposes of Rule 23, the court cannot make the proper findings required by the Supreme Court in *Gulf Oil Co. v. Bernard*."); *Bublitz v. E.I. duPont de Nemours & Co.*, 196 F.R.D. 545, 547 (S.D.Iowa 2000)(*Bernard* "set forth a broad principle that limitations on communications with potential class members must derive from evidence in the record"); *Hoffman v. United Telecommunications, Inc.*, 111 F.R.D. 332, 336 (D.Kan.1986)("To support limitations against its communicating with individual employees who may be claimants, the moving party should supply the court with facts, supported by the record, as distinguished from stereotyped or conclusory statements.").

3. An order "involv[ing] serious restrictions on expression [must be] justified by a *likelihood of serious abuses.*" *Gulf Oil v. Bernard*, 452 U.S. at 104, 101 S.Ct. 2193 (emphasis added). No matter how abusive a particular communication might be if it occurs, there cannot be a "likelihood of serious abuse" unless there is a likelihood that the feared communication will in fact

form of communication at issue is abusive in that it threatens the proper functioning of the litigation. Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation;[4] communications that contain false, misleading or confusing statements;[5] and communications that undermine cooperation with or confidence in class counsel.[6] Restrictions on the communication of settlement offers are subject to the same proof requirements. *E.g., Bublitz v. E.I. duPont de Nemours & Co.,* 196 F.R.D. 545, 548 (S.D.Iowa 2000).

■ There is no question that the defendant has communicated with class members. The plaintiff has submitted a sample letter from the defendant to a class member. (Doc. 16, Exhibit A). The plaintiff asserts that the defendant has sent similar letters to other class members, (Doc. 16, ¶ 2), an assertion the defendant effectively concedes as accurate. (Doc. 19 at 1, 3). The plaintiff has thus satisfied its burden of showing that a particular form of communication has occurred or is threatened to occur.

The letter at issue informs customers that, between January 2000 and June 2001, the

defendant delivered to customers boxes labeled as containing 42 packs of Maxwell House Master Blend coffee but in fact containing only 35 packs. The letter encloses a check which the defendant "believes is the value of the difference between 35 and 42 packets of each box of Maxwell House Master Blend coffee that [the customer] purchased, according to Gold Cup's records, between January of 2000 and June of 2001." The letter and the check reflect that cashing or other endorsement of the check releases the defendant from further liability. (Doc. 16, Exhibit A).

The plaintiff complains that the letter "[1] misrepresents material facts of this case, [2] may well be a fraudulent attempt to terminate these proceedings without full or adequate compensation, and [3] intentionally interferes with the proposed class members' ability to make an informed decision as to whether they should remain in the class, if one is certified." (Doc. 16, ¶ 2). As discussed below, none of these allegations satisfies the plaintiff's burden of showing that the defendant's communication with putative class members is "abusive."

The alleged misrepresentation is that the letter describes the defendant's conduct as

---

occur. *See, e.g., Basco v. Wal–Mart,* 2002 WL at 272384 at \*3–4 (a protective order is warranted if "it is clear that the defendant *is attempting to engage* in conduct which would undermine the purposes of [Rule 23]"; a "belie[f]" that the defendant *"may attempt* to communicate with potential members of the class about the lawsuit" is insufficient)(emphasis added); *Hammond v. City of Junction City,* 2002 WL 169370 at \*3 ("The record must show the particular abuses that have occurred *or that are threatened* ....")(emphasis added); *Gottstein v. National Association for the Self Employed,* 186 F.R.D. 654, 658 (D.Kan.1999)("unsubstantiated fears" do not demonstrate a likelihood of serious abuses); *Barnes v. Julien J. Studley, Inc.,* 1989 WL 27405 at \*2 (D.D.C.1989)(a motion for protective order based on the *"possibility* of abusive tactics" should the plaintiff be allowed to contact prospective class members is "premature")(emphasis added); *see also* note 2, *supra.*

4. *See, e.g., Equal Employment Opportunity Commission v. Morgan Stanley & Co.,* 206 F.Supp.2d 559, 562 (S.D.N.Y.2002)(Ellis, Mag. J.), *aff'd,* 2002 WL 1431685 (S.D.N.Y.2002); *Lee v. American Airlines,* 2002 WL 226347 at \*2; *Payne v.*

*Goodyear Tire & Rubber,* 207 F.R.D. at 21; *Basco v. Wal–Mart,* 2002 WL 272384 at \*3; *Ralph Oldsmobile Inc. v. General Motors Corp.,* 2001 WL 1035132 at \*4 (S.D.N.Y.2001); *Jenifer v. Delaware Solid Waste Authority,* 1999 WL 117762 at \*4; *Burrell v. Crown Central Petroleum,* 176 F.R.D. at 244; *In re Potash Antitrust Litigation,* 896 F.Supp. 916, 920 (D.Minn.1995); *O'Neil v. Appel,* 1995 WL 351371 at \*2 (W.D.Mich.1995).

5. *See, e.g., In re School Asbestos Litigation,* 842 F.2d at 683; *Lester v. Percudani,* 2002 WL 1460763 at \*2 (M.D.Pa.2002); *Basco v. Wal–Mart,* 2002 WL 272384 at \*3; *Jenifer v. Delaware Solid Waste Authority,* 1999 WL 117762 at \*2; *O'Neil v. Appel,* 1995 WL 351371 at \*2; *Hampton Hardware, Inc. v. Cotter & Co.,* 156 F.R.D. 630, 632 (N.D.Tex.1994).

6. *See, e.g., In re School Asbestos Litigation,* 842 F.2d 671, 682 (3rd Cir.1988); *Hampton Hardware v. Cotter & Co.,* 156 F.R.D. at 632; *Haffer v. Temple University,* 115 F.R.D. 506, 512 (E.D.Pa. 1987).

"inadvertent," while the plaintiff would characterize it as "knowing, willful and intentional." (Doc. 16, ¶¶ 3, 5). This might be significant had the plaintiff sued for fraud, opening the door to the possibility of extra-contractual damages. · The plaintiff, however, explicitly limits this lawsuit to one for breach of contract and seeks only compensatory damages representing "the benefit of the bargain." (Doc. 1, First Amended Complaint, ¶ 22). The plaintiff's pleading thus renders the defendant's mental state irrelevant to the damages sought in this action and equally irrelevant to the instant motion.

The alleged attempt to settle without paying full compensation is based on the letter's provision of "only Defendant's version of the amount of compensation supposedly due, with no verification of that amount." (Doc. 16, ¶ 5). The plaintiff, however, bears the burden of showing that information in the letter is false; simply implying that it *might* be false does not meet that burden.

The alleged interference with class members' ability to make an informed decision as to class participation is based on the letter's "fail[ure] to advise that a putative class action lawsuit has been filed on [the] customers' behalf." (Doc. 16, ¶ 5). The failure to recognize the existence of a putative class action, however, could be abusive only if the class action sought recovery in excess of that proposed by the defendant, because only then could the class action vehicle offer the possibility of a more favorable result than the proposed settlement. As discussed above, the class action seeks only recovery of the benefit of the bargain, the defendant's letter purports to restore the benefit of the bargain, and the plaintiff has offered no evidence that the settlement offer does not in fact restore the benefit of the bargain.

█ "A defendant ... has the right to communicate settlement offers directly to putative class member[s]." *Bublitz v. duPont*, 196 F.R.D. at 548. The discovered cases in which the court conditioned the transmission of settlement offers involved class members in an inherently coercive dependent relationship with the defendant and/or settlement offers for less than that sought in the lawsuit. *See id.* at 548, 550; *Freeman v. Celebrity Cruises, Inc.*, 1994 WL 689809 at *4–6 (S.D.N.Y.1994), *modified on other grounds*, 1995 WL 4139 (S.D.N.Y.1995). Here, no inherently coercive relationship is alleged or apparent and, as discussed above, the settlement offer is for the full amount for which suit is brought.

For the reasons set forth above, the plaintiff's motion to show cause is denied. This denial is without prejudice to the plaintiff's right to seek similar relief based on an adequate factual showing.